UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| JEFFREY SCOTT BRADEN, | ) | |
|---|---|---|
| Petitioner, | ) ) ) | |
| v. | ) ) | No.: 3:16-CV-536-TAV |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**

Petitioner Jeffrey Scott Braden has filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [Doc. 3]. At the Court's direction, the government filed a response [Doc. 8], and defendant replied [Doc. 10]. Having considered the pleadings and the record, along with the relevant law, the Court finds that it is unnecessary to hold an evidentiary hearing,[1] and petitioner's § 2255 motion will be denied.

**I.    Background**

A jury found petitioner guilty on September 5, 2013, of the three counts against him in the superseding indictment: (1) conspiracy to manufacture fifty grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A); (2) possessing equipment, chemicals, products, and materials used to manufacture

---

[1] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b). It is the prisoner's ultimate burden, however, to sustain his claims by a preponderance of the evidence. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). Accordingly, where "the record conclusively shows that the petitioner is entitled to no relief," a hearing is not required. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted).

methamphetamine, knowing they would be used to manufacture methamphetamine, in violation of 21 U.S.C. § 843(a)(6); and (3) possessing ammunition as a convicted felon, in violation of 18 U.S.C. § 922(g)(1) [Docs. 589, 628, Case No. 3:13-CR-45-7]. Evidence at trial included testimony by law enforcement officers and co-conspirators, as well as three separate confessions by the petitioner, all of which established that petitioner was involved in a long-term conspiracy to manufacture methamphetamine with several others in Anderson County, Tennessee [*see, e.g.,* Docs. 1276 pp. 94, 136; 1277 p. 11]. *See United States v. Braden*, 612 F. App'x 336, 337–38 (6th Cir. 2015). Based on petitioner's prior felony drug convictions, this Court ultimately sentenced petitioner to the statutory mandatory minimum of life imprisonment on count one, to be served concurrently with a term of 240 months' imprisonment on count two, and 120 months' imprisonment on count three [Doc. 1156, Case No. 3:13-CR-45-7]. The Sixth Circuit Court of Appeals affirmed petitioner's conviction and sentence, 612 F. App'x at 340, and petitioner timely filed his § 2255 motion on August 29, 2016 [Doc. 3 p. 10].

**II.    Legal Standard**

The Court must vacate, set aside, or correct petitioner's sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, . . . ." 28 U.S.C. § 2255. To obtain relief under § 2255

2

because of constitutional error, the error must be one of "constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). Claims of ineffective assistance of counsel—which petitioner brings here—are cognizable under § 2255. *Massaro v. United States*, 538 U.S. 500, 508–09 (2003).

**III. Analysis**

Petitioner alleges that his trial counsel was ineffective for (1) failing to move for an instruction that would have permitted the jury to find multiple conspiracies rather than one; (2) failing to move for a bifurcated trial to sever the felon-in-possession charge from the drug-related charges; and (3) failing to argue that the jury was required to make a specific factual finding about the quantity of methamphetamine directly attributable to petitioner [Doc. 3 pp. 13–24]. Petitioner also alleges that his appellate counsel was ineffective for failing to raise the multiple conspiracy instruction or variance issue on direct appeal [*Id.* p. 20]. The Court will address each ground in turn.

The Sixth Amendment guarantees criminal defendants the right to "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A petitioner alleging ineffective assistance of counsel must first establish that his counsel's performance was deficient, that is, falling "below an objective standard of reasonableness . . . under prevailing professional norms." *Id.* at 688. Counsel is presumed to have provided effective assistance, and petitioner bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616–17 (6th Cir. 2003); *see also Strickland*, 466 U.S. at 689 (a

3

reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that . . . the challenged action might be considered sound trial strategy") (internal citation omitted). A petitioner must also show that his attorney's deficient performance prejudiced his defense, in the sense that "but for [counsel's error,] the result of the proceedings would have been different." 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691. If petitioner fails to establish both deficiency and prejudice, the claim must be rejected. *Id.* at 697.

### A. Trial Counsel's Failure to Request an Instruction on Multiple Conspiracies

"In order to prove a single conspiracy, the government must show that each alleged member agreed to participate in what he knew to be a collective venture directed toward a common goal." *United States v. Warner*, 690 F.2d 545, 549 (6th Cir. 1982) (citations omitted). Although "each member of the conspiracy must realize that he is participating in a joint enterprise," each member need not know the identities of all of the members, nor need he be "involved in all of the activities in furtherance of the conspiracy." *Id.* The Sixth Circuit has stated that a variance between the indictment and the evidence at trial only creates reversible error where "a defendant demonstrates that he was prejudiced by the variance and that the indictment alleged one conspiracy, but the evidence can reasonably be construed *only* as supporting a finding of multiple conspiracies." *United*

4

*States v. Caver*, 470 F.3d 220, 235–36 (6th Cir. 2006) (emphasis in original) (citing *Warner*, 690 F.2d at 548).

In that vein, evidence at trial indicated that petitioner and a co-defendant, Lawrence Scriver, were arrested together after a traffic stop while in possession of items that can be used to make methamphetamine [*see* Doc. 1277 pp. 96–97, 99–100]. After his arrest, petitioner admitted to cooking methamphetamine with Scriver, although he later stated instead that he used to "deal" with Scriver, or knew that he dealt methamphetamine [*Id.* pp. 11–12]. Several government witnesses also testified that they knew petitioner and Scriver were methamphetamine cooks, assisted them in cooking methamphetamine, and, often, that they knew other members of the conspiracy. For example, co-defendant Kenneth Lamarr testified that he knew petitioner, Scriver, and an individual named Randy Smith as fellow methamphetamine cooks, and exchanged pseudoephedrine with them for the purpose of making methamphetamine [Doc. 1276 pp. 93–96]. Co-defendant Brandy Braden testified that she knew Kenneth Lamarr, that she supplied petitioner with pseudoephedrine, and that she knew that petitioner and Smith cooked methamphetamine together over a period of time [*Id.* pp. 135–37]. Co-defendant Jessica Davis testified that she used methamphetamine with petitioner at co-defendant Thomas Wright's house, and described Scriver and Wright as friends [Doc. 1277 pp. 36–40, 73].

Given this evidence, petitioner's argument that "the trial record [was] entirely devoid of any evidence pointing to a single, overarching conspiracy" is unavailing [*see* Doc. 3 p. 17]. Here, where several members of the conspiracy did, in fact, know other

individuals in the conspiracy—including petitioner—and knew that each was involved in the common goal of cooking and distributing methamphetamine, "the evidence does not exclude the possibility that [petitioner was] part of a single conspiracy." *See Caver*, 470 F.3d at 236. *See also United States v. Beals*, 698 F.3d 248, 259 (6th Cir. 2012) (noting that "the government successfully proved a common goal" in a single drug conspiracy where co-conspirators taught each other how to make methamphetamine, helped procure ingredients and supplies, and where each "was aware to some extent that the conspiracy was larger than simply his or her individual interactions with others.") Therefore, regardless of whether petitioner's counsel was deficient in failing to request an instruction on multiple conspiracies, petitioner cannot demonstrate that he was prejudiced by that failure.

### B. Appellate Counsel's Failure to Raise Variance Issue on Direct Appeal

"[I]t is difficult to demonstrate that an appellate attorney has violated [*Strickland*'s] performance prong where the attorney presents one argument on appeal rather than another." *Caver v. Straub*, 349 F.3d 340, 348 (6th Cir. 2003) (citing *Smith v. Robbins*, 528 U.S. 259, 289 (2000)). "In such cases, the petitioner must demonstrate that the issue not presented 'was clearly stronger than issues that counsel did present.'" *Id.* Petitioner here did not outline which arguments his appellate counsel did raise on direct appeal, let alone demonstrate that the variance issue was "clearly stronger" than those that were raised. Therefore, petitioner has not met his burden of demonstrating that his appellate counsel's performance was deficient.

6

### C. Trial Counsel's Failure to Seek a "Bifurcated" Trial

Where a defendant proceeds to trial on multiple offenses in an indictment, courts have discretion in deciding whether to order separate trials for one or more of those offenses. Fed. R. Crim. P. 14(a). In order to succeed on a motion to sever counts, "a defendant must show compelling, specific, and actual prejudice." *United States v. Saadey*, 393 F.3d 669, 678 (6th Cir. 2005). Bald allegations that a jury may have convicted a defendant of a crime "merely because of his criminal disposition" without providing evidence in support does not suffice to prove prejudice. *Id.*

Petitioner insists, without support, that the fact of petitioner's nine prior felony convictions "was ingrained into the minds of the jurors . . . and heavily influenced the jury's verdict" as to the drug-related charges against him [Doc. 3 p. 22]. This, however, is just the type of "unproven assertion" that fails to demonstrate prejudice. *See Saadey*, 393 F.3d at 679. At trial, after refusing to stipulate to the fact of his prior convictions for purposes of the felon-in-possession count, petitioner's counsel objected to the government's attempt to elicit testimony about his prior convictions [Doc. 1276 pp. 27–29]. Although the government was required—due to the lack of stipulation—to prove that petitioner was, in fact, a felon at the time he possessed ammunition, the Court limited the prejudicial effect of the government's proof by preventing the government from introducing evidence about petitioner's prior methamphetamine-related convictions [*Id.* pp. 29–30]. The Court also gave the jury a limiting instruction, which said that it could consider evidence of petitioner's prior felony convictions only for purposes of the felon-

7

in-possession charge [*Id*. p. 128]. Juries are presumed to follow courts' instructions, and neither the record nor petitioner's unsupported arguments provide a basis to believe the jury in this case did otherwise. *See United States v. Cunningham*, 679 F.3d 355, 383 (6th Cir. 2012). Petitioner, again, cannot establish prejudice.

### D. Trial Counsel's Failure to Request Jury Find Quantity of Methamphetamine "Directly Attributable" to Petitioner

The Sixth Circuit has stated that, where a defendant is charged with *conspiracy* to distribute a controlled substance under 21 U.S.C. §§ 846 and 841(b)(1)(A), "he is responsible for the conspiracy in which he participated." *United States v. Robinson*, 547 F.3d 632, 639 (6th Cir. 2008). Accordingly, the relevant drug quantity in such cases is that involved in the conspiracy as a whole, not the quantity that, as petitioner argues, was directly attributable to petitioner. *Id.* at 638–40. The Sixth Circuit has specifically held that this concept does not violate the Supreme Court's decision in *Apprendi v. New Jersey,* 530 U.S. 466 (2000)—upon which *Alleyne v. United States*, 570 U.S. 99 (2013) is based. *Robinson*, 547 F.3d at 639. It follows, therefore, that petitioner's argument that *Alleyne* requires a jury to find a drug quantity attributable to each defendant specifically, is unavailing. Because petitioner's counsel was not required to make arguments that were unlikely to be successful in light of controlling circuit precedent, petitioner cannot show deficient performance or prejudice. *See Downs v. United States*, 879 F.3d 688, 691 (6th Cir. 2018) (counsel's decision not to file a "futile" motion did not constitute ineffective assistance).

8

## IV. Conclusion

Petitioner has failed to establish any basis upon which § 2255 relief could be granted, and his motion to vacate, set aside, or correct sentence [Doc. 3] will be **DENIED**. This action will be **DISMISSED**, and the Court will **CERTIFY** that any appeal from this action would not be taken in faith and would be totally frivolous. Moreover, petitioner has not made a substantial showing of the denial of a constitutional right because jurists of reason would not dispute the above conclusions, *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), so a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Fed. R. App. P. 22(b). A judgment will enter **DENYING** the Motion [Doc. 3].

ORDER ACCORDINGLY:

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE